

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00136-CV

_____

UHP, LP D/B/A UNIVERSITY BEHAVIORAL HEALTH OF DENTON AND
NORTHPOINTE FAMILY CENTER AT UBH DENTON, Appellants

V.

DONNA KRELLA, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE
ESTATE OF AMANDA MARYE HUGHES, Appellee

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 18-7985-16

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION AND JUDGMENT**

After UHP, LP and Northpointe Family Center at UBH Denton (collectively UHP) filed this appeal, UHP and appellee Donna Krella settled their appellate dispute. In their settlement document filed with this court, they agreed that the expert report Krella filed in the trial court is deficient as to UHP, but they also agreed to a thirty-day extension under civil practice and remedies code section 74.351(c). Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c). UHP and Krella have thus filed a "Joint Motion to Reverse Order Below Pursuant to Agreement," in which they ask this court to "render judgment reversing the judgment of the trial court in favor of [their] settlement, remanding the matter to the trial court so that it may grant the agreed thirty[-]day extension to correct deficiencies in the [r]eport regarding Krella's healthcare liability claims against UHP."[1]

When we conclude that an expert report is deficient, we do not render; instead, we remand for the trial court to consider whether to grant a thirty-day extension. *See, e.g.*, *Jepson v. Wyrick*, No. 02-18-00148-CV, 2019 WL 2042303, at *11–12 (Tex. App.—Fort Worth May 9, 2019, no pet.) (mem. op.). Accordingly, we construe the joint motion to ask this court to set aside the trial court's March 27, 2019 order without regard to the merits and remand the case to the trial court so that the trial court may

---

[1]UHP's motion alternatively requests that this court also render an order granting a thirty-day extension for Krella to attempt to cure the report's deficiencies, but in the agreement attached to the motion, it is unclear whether Krella agreed for this court to grant that relief—although it is clear that Krella agreed for the trial court to do so.

issue orders in accordance with the parties' agreement. *See* Tex. R. App. P. 42.1(a)(2)(B). We therefore grant the motion, set aside the trial court's order without regard to the merits, and remand the case to the trial court to effectuate the parties' settlement agreement. *Id.*; *see City of Bay City v. Knapp*, No. 13-15-00164-CV, 2015 WL 6651822, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2015, no pet.) (mem. op.).

Per Curiam

Delivered: August 8, 2019